NOT FOR PUBLICATION                                                          (Doc. No. 22)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| THOMAS ROSSETTI AND, YANA ROSSETTI, | Civil No. 15-5737 (RBK/KMW) |
| Plaintiffs, |  |
| v. | **OPINION** |
| SELECTIVE INSURANCE COMPANY OF AMERICA, |  |
| Defendant. |  |

**KUGLER**, United States District Judge:

Thomas and Yana Rossetti ("Plaintiffs") bring a claim against Selective Insurance Company of America ("Defendant") under the National Flood Insurance Policy Act for refusing claims submitted after Superstorm Sandy. This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. No. 22). For the following reasons, Defendant's motion for summary judgment is **GRANTED**.

## I. FACTUAL BACKGROUND

Defendant is a Write Your Own ("WYO") Company that writes Standard Flood Insurance Policies ("SFIPs") pursuant to the National Flood Insurance Program ("NFIP"). Defendant's Statement of Uncontested Material Fact in Support of Motion for Summary Judgment ("Def.'s St.") ¶ 1 (Doc. No. 22-1); Plaintiffs' Response to Defendant's Statement of

Undisputed Facts ("Pls.' Resp.") ¶ 1 (Doc. No. 25).[1] Defendant issued Plaintiffs a SFIP ("the Policy") for coverage from June 30, 2012 to June 30, 2013 for the property located at 203 Lakewood Court, Little Egg Harbor, NJ 08087. Def.'s St. ¶ 8; Pls.' Resp. ¶ 8. The Policy provided $211,000 of building coverage with a $2,000 deductible and provided no coverage for contents. Def.'s St. ¶ 9; Pls.' Resp. ¶ 9.

Plaintiffs' property was damaged on October 29, 2012 by Superstorm Sandy. Def.'s St. ¶ 10; Pls.' Resp. ¶ 10. Plaintiffs notified Defendant that their property had suffered flood damage within a few days after the storm. Def.'s St. ¶ 11; Pls.' Resp. ¶ 11. Defendant arranged for an independent adjuster to inspect the property. *Id.* The independent adjuster inspected the property on or about November 5, 2012. Def.'s St. ¶ 12; Pls.' Resp. ¶ 12. Plaintiffs requested a $15,000 advance payment for covered building damage on or about November 5, 2012, and Defendant approved the request on November 7, 2012. Def.'s St. ¶ 13-14; Pls.' Resp. ¶ 13-14.

The independent adjuster submitted a report on or about December 5, 2012 recommending that Defendant pay $50,250.57 in covered building damage, plus $7,315.58 in recoverable depreciation as SFIP benefits for Plaintiffs' property. Weber Cert., Ex. C (Doc. No. 22-2). Defendant accepted the independent adjuster's recommendation and issued Plaintiffs a check for $42,566.15. Weber Cert. ¶ 13. This amount represented the full recommended benefit less the $15,000 Defendant advanced to Plaintiffs in November, on December 7, 2012. Def.'s St. ¶ 17; Pls.' Resp. ¶ 17.

The independent adjuster submitted a supplemental report on or about March 28, 2013, which recommended an additional payment to Plaintiffs for $3,330.28 in covered building damage, plus $33.44 in recoverable depreciation. Weber Cert., Ex. H. (Doc. No. 22-3).

---

[1] The Court notes that Plaintiffs' response to Defendant's statement of facts has been filed as one document with their opposition to Defendant's motion for summary judgment. The Court will refer to the responsive statement as "Pls.' Resp." and the opposition brief as "Pls.' Opp'n Br." when appropriate.

Defendant accepted the independent adjuster's supplemental recommendation and paid Plaintiffs an additional $3,360.72 on April 17, 2013. Weber Cert., Ex. I. Defendant issued a total of $60,926.87 to Plaintiffs. Def.'s St. ¶ 20; Pls.' Resp. ¶ 20.

Plaintiffs submitted a sworn proof of loss on September 13, 2013, which claimed building damage to their property in the amount of $50,250.57. Def.'s St. ¶ 21; Pls.' Resp. ¶ 21. Plaintiffs submitted an Increased Cost of Compliance ("ICC") claim on or about June 19, 2013 for an additional $30,000 to bring their property into code compliance. Def.'s St. ¶ 23; Pls.' Resp. ¶ 23. Plaintiffs' ICC claim included a signed proof of loss and requested $15,000 in initial payments to cover demolition and elevation work. Def.'s St. ¶ 24; Pls.' Resp. ¶ 24. Defendant approved Plaintiffs' ICC proof of loss and issued a check for $15,000 on or about September 18, 2013. Def.'s St. ¶ 25; Pls.' Resp. ¶ 25. Plaintiffs submitted their second ICC proof of loss, dated December 15, 2014, requesting a second $15,000 payment for demolition and elevation work. Def.'s St. ¶ 26; Pls.' Resp. ¶ 26. Defendant approved Plaintiffs' December 15, 2014 proof of loss and issued a $15,000 check on December 16, 2014. Def.'s St. ¶ 27; Pls.' Resp. ¶ 27. These payments represent the maximum coverage amount for ICC proofs of loss. Def.'s St. ¶ 28; Pls.' Resp. ¶ 28.

Plaintiffs have filed two suits to recover additional damages under their SFIP. Def.'s St. ¶ 30; Pls.' Resp. ¶ 30. Plaintiffs' first complaint was filed on April 5, 2014; this complaint was voluntarily dismissed on September 22, 2014. Def.'s St. ¶ 31, 35; Pls.' Resp. ¶ 31, 35. The instant case was filed on July 23, 2015. Compl. (Doc. No. 1).

Defendant served Plaintiffs' counsel with requests for Admission on January 19, 2016. Def.'s St. ¶ 37; Pls.' Resp. ¶ 37. One response from Plaintiffs stated that they could neither admit nor deny that their September 12, 2013 proof of loss was the only proof of loss submitted to

3

Defendant. Def.'s St. ¶ 38; Pls.' Resp. ¶ 38. Plaintiffs explained that they were "unsure as to whether or not their Public Adjuster or prior counsel may have submitted one on their behalf." *Id.* Plaintiffs still claim that they do not have a sufficient basis to confirm or deny that they have not submitted any proofs of loss for property damage in excess of the $50, 250.57 they claimed on September 12, 2013. Def.'s St. ¶ 39; Pls.' Resp. ¶ 39. Plaintiffs cannot say whether Defendant has not denied any timely proof of loss submitted in connection with damage to their property caused by flooding from Superstorm Sandy. Def.'s St. ¶ 40; Pls.' Resp. ¶ 40.

Defendant filed the instant motion for summary judgment on July 22, 2016. Def.'s Mot.

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of New York*

*and New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. DISCUSSION

The SFIP is a creature of statute, codified at 44 C.F.R. Pt. 61, App. A (2009). All disputes arising out of the handling of any claim under a SFIP are governed by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 et seq., the regulations promulgated thereunder by the Federal Emergency Management Agency ("FEMA"), and the federal common law. 44 C.F.R. Pt. 61, App. A(1), Art. IX; *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005). FEMA authorizes private companies, known as WYO Companies, to issue SFIPs and adjust SFIP claims. 44 C.F.R. §§ 61.13(f), 62.23; 42 U.S.C. § 4071(a)(1) (2003). WYO Companies must handle SFIP claims by applying internal company standards in light of FEMA guidance. *Suopys*, 404 F.3d at 807 (citing 44 C.F.R. § 62.23(i)(1) (2003)).

In order to qualify for benefits under the SFIP, an insured must comply with all of the SFIP's terms and conditions. 44 C.F.R. Pt. 61, App. A(1), Art. I. An insured must also perfect its obligations under the SFIP as a prerequisite to bringing an action against a WYO Company to contest a denial of coverage. 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). The Third Circuit strictly construes a claimant's obligation to comply with SFIP provisions because any claim paid is a direct charge to the United States Treasury. *Suopys*, 404 F.3d at 809.

Defendant argues that Plaintiffs' failure to submit a timely proof of loss for the additional damages they seek in the instant action defeats their claim. Def.'s Br. at 12 (Doc. No. 22-5). "Plaintiffs concede that they cannot prove that they submitted a revised or supplemental proof of

loss prior to October 29, 2014," which was the extended deadline set by FEMA. Pl.'s Resp. Br. at 1 (Doc. No. 25); Def.'s Reply Br. at 2 (Doc. No. 27).

Plaintiffs, however, argue that they are unaware of any case law that requires them to have submitted further proof of loss. Pl.'s Resp. Br. at 1. Plaintiffs cite a number of state court cases for the proposition that the *carrier* has the burden of proving that an insured did not submit proof of loss in order to avoid liability. *Id.* at 1-2. They then argue that it would be improper for the Court to accept Defendant's evidence that a revised proof of loss was not received because said evidence is a sworn affidavit. *Id.* at 2. Plaintiffs also ask the Court to consider the extraordinary circumstances of the instant case. *Id.* Plaintiffs' previous counsel apparently provided subpar representation, and despite claims that counsel had provided timely proofs of loss on behalf of clients, no proof was ever provided. *Id.* at 3. Plaintiffs suggest that these extraordinary circumstances should "relie[ve] Plaintiffs of the obligation of submitting a revised proof of loss to the Defendant in the absence of a showing of actual prejudice." *Id.*

Defendants respond that Plaintiffs first argument is directly contradicted by federal law, federal regulations, and abundant case law authority. Def.'s Reply Br. at 2-3. Defendants are correct.

Federal regulations mandate that all SFIPs require the insured to submit a timely sworn proof of loss within sixty days of the claimed loss. 44 C.F.R. Pt. 1, App. (A)(1), art. VII(J). The Third Circuit has strictly enforced this requirement, stating that "[t]he SFIP places the onus on the insured to file the proof of loss within 60 days regardless of the representations and assistance, or lack thereof, provided by the insurer or its adjuster." *Suopys*, 404 F.3d at 810 (citations omitted). This Court has emphasized that "courts do not have the discretion to rewrite the SFIP's filing requirements." *Barmil v. Standard Fire Ins. Co.*, 11-2377, 2011 WL 5920945,

at * 2 (citation omitted). It is clear that Plaintiffs had a burden to comply with the requirements of the SFIP, which include submitting a supplemental proof of loss for further claims. Plaintiffs have conceded that they cannot demonstrate compliance with the proof of loss requirement. Therefore, Plaintiffs cannot establish a necessary condition for recovery.

"It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 178 (1803). Finally, the Court addresses Plaintiffs' request that the Court disregard the law due to the extraordinary circumstances in this case. The Court reiterates that it does "not have the discretion to rewrite the SFIP's filing requirements." *Barmil*, 2011 WL 5920945, at *2. Rewriting laws and regulations is emphatically the province and duty of the legislative and executive departments. Accordingly, Defendant's motion for summary judgment is granted.

## IV. CONCLUSION

For the reasons stated herein, Defendant Selective Insurance Company of America's motion for summary judgment is **GRANTED**. An appropriate order shall issue.


Dated:   01/25/2017                                                        s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge